**CONTINUED FROM DEFENDANTS...**

COUNTRYWIDE HOME LOANS SERVICING, LP

AMERICA'S WHOLESALE LENDER CORP.

DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING

BWW LAW GROUP, LLC

CARRIE M. WARD

HOWARD M. BIERMAN

DOES 1-100 et al.

AARON N. GRAVES
14122 BISHOP CLAGGETT CT
UPPER MARLBORO, MD 20772
(202) 534-9086

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON N. GRAVES,<br><br>                    Petitioner,<br>vs.<br><br>SELECT PORTFOLIO SERVICING INC,<br>BANK OF NEW YORK MELLON,<br>BANK OF AMERICA, N.A.<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>COUNTRYWIDE HOME LOANS<br>SERVICING, LP.,<br>AMERICA'S WHOLESALE LENDER,<br>CORP.,<br>DITECH FINANCIAL LLC f/k/a/ GREEN<br>TREE SERVICING,<br>BWW LAW GROUP, LLC,<br>CARRIE M. WARD<br>HOWARD BIERMAN,<br><br>DOES 1-100 et al<br><br>                    Respondents. | VERIFIED PETITION<br>ARBITRATION AWARD<br>CONFIRMATION AND JUDGMENT<br>ENFORCEMENT<br><br><br><br>Civil Case No._____<br><br>Case: 2:20-cv-00458<br>Assigned To : Pead, Dustin B.<br>Assign. Date : 6/25/2020<br>Description: Graves v. Select Portfolio<br>Servicing et al |

## PETITION FOR CONFIRMATION OF FINAL ARBITRATION AWARD AND JUDGMENT TO ENFORCE

COMES NOW, Petitioner AARON N. GRAVES in pro per mode, unassisted by counsel and hereby petitions this Court, pursuant to the Federal Arbitration Act, 9 USC Section 9, for an order confirming the arbitration award and enter a judgment against Respondents in favor of Petitioner, in the FINAL Arbitration Award dated December 3, 2019, **Exhibit A**.

## JURISDICTION AND VENUE

This Court has jurisdiction over this proceeding to confirm an arbitration award pursuant to 28 USC 1332 and the Federal Arbitration Act ("FAA"), 9 USC Sec. 1, *et seq.* and the amount in controversy exceeds $75,000.

Venue is proper in this district pursuant to 28 USC Sec. 1391(b)(2) & (c)(2) Chapter 682.081(2)(a).

## BACKGROUND

On or about September 25, 2019 Petitioner filed an arbitration claim with the HMP Arbitration Association seeking damages due to Respondent. On December 3, 2019, the Arbitrator(s) issued Petitioner an award of $1,425,000.00 per Respondent. Petitioner now moves to confirm this award due to Respondents failure to object, amend and/or vacate Final Award within Ninety (90) Days of receipt, **Exhibit B**.

## THE FEDERAL ARBITRATION ACT

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." Accordingly, this court has the obligation to confirm Petitioner's arbitration award into a judgment. See Doctor's Assocs., Inc. v. Cassarotto, 517 U.S. 681

(1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are enforced); Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); Southland Corp. v. Keating, 465 U.S. 1, 15–16 (1984) (holding the Federal Arbitration Act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements). The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited, and the court may not examine the merits of the decision except to the extent that the award exceeds the agreement of the parties. See Burchell v. Marsh, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error). See also D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)) ("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court'...."); Coast Trading Co. v. Pacific Molasses Co., 681 F.2d 1195, 1197–98 (9th Cir. 1982). Here, the arbitrator(s), having considered the pleadings and other evidence presented at the hearing, determined that Respondent was liable to Petitioner. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§10–11 which exist, and Respondent has not made any motion to vacate, modify, or correct the award.

## CONCLUSION

**WHEREFORE**, Petitioner Aaron N. Graves respectfully requests an order confirming the FINAL Arbitration Award into a judgment in the amount of ONE MILLION FOUR HUNDRED AND TWENTY-FIVE DOLLARS AND ZERO CENTS ($1,425,000.00) per Respondent in favor of the Petitioner, Aaron N. Graves for the reasons set forth herein and for any and all other relief this Honorable Court may deem appropriate.

Dated: June 10, 2020

Respectfully Submitted,

s/ _____
Aaron N. Graves, Petitioner
All Rights Reserved.