# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| AARON N. GRAVES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; et al.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-00458-DB-JCB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Jared C. Bennett |

District Judge Dee Benson referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) pro se Plaintiff Aaron N. Graves ("Mr. Graves") motion to strike a motion to dismiss;[2] (2) Defendants Select Portfolio Servicing, Inc.; The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2005-4; Mortgage Electronic Registration Systems, Inc.; Bank of America, N.A.; Countrywide Home Loans Servicing, LP; and America's Wholesale Lender, Corp.'s (collectively, "Moving Defendants") motions to dismiss;[3] and (3) a *sua sponte* motion to dismiss Defendants Ditech Financial, LLC fka Green Tree Servicing; BWW Law Group, LLC; Carrie M. Ward; and

---

[1] ECF No. 17.

[2] ECF No. 14.

[3] ECF Nos. 12, 20. ECF No. 20 incorporates by reference all of the arguments made in ECF No. 12. Accordingly, the court will consider those motions together.

Howard Bierman (collectively, "Remaining Defendants").[4] The court has carefully reviewed the written memoranda submitted by the parties on the pending motions. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court recommends denying Mr. Graves's motion to strike, granting the Moving Defendants' motions to dismiss, granting a *sua sponte* motion to dismiss the Remaining Defendants, and dismissing this action with prejudice.

## BACKGROUND

The genesis of this action is Mr. Graves's execution of a promissory note on certain real property in Maryland in 2005 and the subsequent foreclosure proceedings that took place after Mr. Graves defaulted on payments on the note for nearly 6 years. The foreclosure proceedings were initiated in September 2014 and concluded in October 2019. Defendants were involved in some way with those foreclosure proceedings.

In December 2019, Defendants received their first notice of a purported December 3, 2019 arbitration award issued by Healing My People Arbitration Association ("HMP") in favor of Mr. Graves and against Defendants ("Purported Award").[5] The Purported Award relates to the foreclosure proceedings referenced above.

The Purported Award makes consistent references to a "contract" between Mr. Graves and Defendants, which was allegedly entered into on September 25, 2019. That "contract" is

---

[4] The Moving Defendants and Remaining Defendants will be referenced collectively as "Defendants" in this Report and Recommendation.

[5] ECF No. 1-4.

allegedly an agreement to arbitrate between Mr. Graves and Defendants. Notwithstanding the Purported Award's reference to such a "contract," Mr. Graves has not submitted any such contract with his complaint or any other filings in this case. Instead, the Purported Award merely states that the "contract" is "permanently affixed to [the Purported Award] by reference."[6] No contract is attached to the Purported Award.

The mystery of the missing contract from the Purported Award is answered by the assertion that the parties formed the "contract" when someone made an unspecified counteroffer or conditional acceptance to which Defendants somehow agreed by failing to respond. For example, the Purported Award provides:

> On or about September 25, 2019, [Mr. Graves] and [Defendants] entered into a written self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their mis-convictions and other conflicts respecting their previous relationship. [Defendants] attempted to change the terms of that contractual agreement[,] and [Mr. Graves] presented a counteroffer or conditional acceptance of the offer to [Defendants]. The record clearly documents that [Defendants] have failed to properly respond after they received the counteroffer, whereby such nonresponse would equate to tacit acquiescence thereby creating an estoppel respecting [Defendants] and any future claims and/or prior claims and/or present claims associated with this instant matter.[7]

Despite its numerous references to a "contract," the Purported Award does not provide any details about contract terms, consideration, subject matter, or specific parties. Additionally,

---

[6] *Id*. at 8.

[7] *Id*. at 11-12.

3

neither Mr. Graves's complaint nor the Purported Award alleges that any "contract" was ever executed; it was created by "an act of Nihil Dicit, 'tacit acquiescence.'"[8] In any event, even if such a thing were legally possible, Mr. Graves has not alleged that notice of the "contract" was provided prior to Defendants' receipt of the Purported Award, much less a meeting of the minds.

After claiming the creation of a contract through the theory of immaculate conception, the Purported Award then discusses enforcement by requiring Defendants to respond to the various "Proof of Claims" within 10 days.[9] The asserted penalty the Purported Award attempts to unilaterally impose for not responding to the "Proof of Claims" is "default," which establishes Defendants' "consent and agreement to the facts contained within the Conditional Acceptance for Value and the counter offer/claim for Proof of Claim as said facts operate in favor of [Mr. Graves]."[10]

After establishing a contract, a proof of claim, and default, the Purported Award then provides that both Mr. Graves and Defendants consented and applied for summary disposition allowing arbitration proceedings to commence immediately "[d]ue to time constraints and the paramount danger affecting the public interest, justice, and due process."[11] However, the Purported Award fails to include any facts indicating why an immediate arbitration award was necessitated by any "paramount danger."[12]

---

[8] *Id*. at 29.

[9] *Id*. at 16.

[10] *Id*.

[11] *Id*. at 24.

[12] *Id*.

The Purported Award indicates that a hearing was held at a "[v]irtual" location at which time the arbitrators "reviewed all contractual agreements and documentary evidence submitted by the parties in this matter."[13]  However, Mr. Graves has not alleged that Defendants were provided with notice of that hearing.  Additionally, the Purported Award does not contain any discussion of the evidence HMP considered at the virtual hearing.

The Purported Award includes various bizarre assertions.  For example, the Purported Award indicates that Defendants "have acted against the interest of [Mr. Graves], depriving [him] of [his] right to property, [his] right to contract, the right to The Pursuit of Happiness and the enjoyment of life" and "have admitted and agreed that they have violated [Mr. Graves]'s constitutional and common law rights."[14]

Finally, the Purported Award, which was allegedly issued on the same day as the supposed hearing, attempts to award Mr. Graves a total of $1,425,000.00 against each of the Defendants in this matter.[15]  With the nine named Defendants in this case, the total amount allegedly awarded to Mr. Graves is $12,825,000.00.  The Purported Award contains no discussion about how the award is justified.

In an effort to make his illusory contract and its mythical fruits a reality, Mr. Graves filed his complaint in this case seeking to confirm the Purported Award.[16]  The Moving Defendants

---

[13] *Id*. at 6, 28.

[14] *Id*. at 9.

[15] *Id*. at 29.

[16] ECF No. 1.

filed the first of their motions to dismiss on September 9, 2020.[17] In response, Mr. Graves filed an opposition and his motion to strike the first motion to dismiss.[18] The Moving Defendants filed the second of their motions to dismiss on October 5, 2020.[19]

## ANALYSIS

Based upon the following analysis, the court recommends: (1) denying Mr. Graves's motion to strike, (2) granting the Moving Defendants' motions to dismiss, and (3) granting a *sua sponte* motion to dismiss the Remaining Defendants. Accordingly, the court recommends dismissing this action with prejudice.

**I.    Mr. Graves's Motion to Strike Should Be Denied.**

Mr. Graves moves the court to strike one of the Moving Defendants' motions to dismiss. That motion should be denied because it is procedurally improper. "[N]o provision in the [Federal Rules of Civil Procedure] authorizes motions to strike other motions." *Sevier v. Thompson*, No. 2:16-CV-00659-DN-EJF, 2017 WL 11528738, at *1 (D. Utah Oct. 13, 2017) (noting that "courts in the Tenth Circuit have repeatedly denied motions to strike other motions"). Although the court recognizes that Mr. Graves is proceeding pro se, that does not excuse him from complying with the Federal Rules of Civil Procedure. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and

---

[17] ECF No. 12.

[18] ECF Nos. 13-14.

[19] ECF No. 20.

Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## II. The Moving Defendants' Motions to Dismiss Should Be Granted.

The Moving Defendants argue that Mr. Graves's claim against them should be dismissed under the Federal Arbitration Act ("FAA") because: (A) Mr. Graves failed to file an arbitration agreement; (B) the Purported Award is a sham award procured by fraud; and (C) HMP is a sham arbitrator that exceeded its powers. The court agrees with all of the Moving Defendants' arguments. Therefore, for the reasons set forth below, the court recommends granting the Moving Defendants' motions to dismiss and dismissing Mr. Graves's claim against them with prejudice.

### A. Mr. Graves Failed to File an Arbitration Agreement.

Because Mr. Graves failed to file with his complaint an actual arbitration agreement that existed between the parties, his claim against the Moving Defendants should be dismissed. The FAA requires that "[t]he party moving for an order confirming . . . an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file," among other things, "[t]he agreement." 9 U.S.C. § 13(a). That requirement "allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment." *Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19CV501 (DJN), 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019). Without filing the arbitration agreement, the Court "is unable to determine whether the Petitioner is entitled to judgment as a matter of law." *United Cmty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 12, 2012).

Mr. Graves has not filed any arbitration agreement with either his complaint or any other documents in this action. Notably, even when the Moving Defendants pointed out this fatal flaw, Mr. Graves still did not come forward with any arbitration agreement. Therefore, Mr. Graves's claim against the Moving Defendants should be dismissed with prejudice.[20]

### B. The Purported Award Is a Sham Award Procured by Fraud.

The Purported Award is based upon sham arbitration proceedings and was procured by fraud. Thus, Mr. Graves's claim against the Moving Defendants should be dismissed. The FAA provides that the court "may make an order vacating the award upon the application of any party to the arbitration . . . where the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1).

The Purported Award was issued on December 3, 2019, and indicates that an arbitration hearing was held that same day at a "[v]irtual" location, at which time the arbitrators "reviewed all contractual agreements and documentary evidence submitted by the parties in this matter."[21] However, Mr. Graves has failed to plead that the Moving Defendants received any notice of that hearing. *Satcomm v. PayPal*, No. 5:19-MC-10-MTT, 2020 WL 1609503, at *2 (M.D. Ga. Apr. 1,

---

[20] Furthermore, as noted by the Moving Defendants, Mr. Graves has utterly failed to demonstrate that any arbitration agreement exists. Instead, Mr. Graves points to the Purported Award, which references "a written, self-executing, binding, irrevocable, contractual agreement" that allegedly arose based upon the Moving Defendants failure to respond to it, which according to the Purported Award, "equate[s] to" the Moving Defendants' "tacit acquiescence" to the alleged agreement. ECF No. 1-4 at 11-12. That theory is entirely contrary to basic contract law. Indeed, as another court in this district has previously held, under strikingly similar circumstances involving a HMP arbitration award, such a theory "is unknown to the law of contracts." *In re Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs.*, No. 4:19-CV-00088-DN-PK, 2019 WL 10817149, at *2 (D. Utah Nov. 13, 2019).

[21] ECF No. 1-4 at 6, 28.

2020) ("[A]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard." (quotations and citations omitted) (alteration in original)). Additionally, the Purported Award does not contain any discussion of the evidence HMP considered at the hearing or provide any factual basis that would substantiate an award of nearly $13,000,000.00. *Sun Oil Co. of Pennsylvania v. Local 8-901, Oil, Chem., & Atomic Workers' Int'l Union, AFL-CIO*, 421 F. Supp. 1376, 1384 (E.D. Pa. 1976) ("[W]here there is no evidence to support the arbitrator's award, it is deemed irrational and must be set aside."). Instead, the Purported Award contains numerous nonsensical assertions and legal theories that would not be included in any legitimate arbitration award. For those reasons, the court concludes that the Purported Award is based upon sham arbitration proceedings and was procured by fraud. Accordingly, Mr. Graves's claim against the Moving Defendants should be dismissed with prejudice.

  **C. HMP Is a Sham Arbitrator.**

  Because HMP is a sham arbitrator, Mr. Graves's claim against the Moving Defendants is not plausible and should be dismissed. The FAA provides that the court "may make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Sham arbitration companies like HMP *ipso facto* exceed their powers by issuing any arbitration awards based on an "immaculate-conception" theory of contract.

  The Moving Defendants cite to numerous cases indicating that HMP is a sham organization that uses fraudulent procedures to issue purported arbitration awards. *See, e.g.*,

*Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2019 WL 6841741, at *1-8 (D. Ariz. Dec. 16, 2019) (vacating a purported HMP arbitration award and imposing sanctions for the filing of a "completely frivolous" action); *In re Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs.*, 2019 WL 10817149, at *1-2 (granting a *sua sponte* motion to dismiss with prejudice an action to enforce a HMP arbitration award because the purported award was "bogus" and "an obvious sham"); *Swanson v. Wilford, Geske, & Cook*, No. 19-CV-117 (DWF/LIB), 2019 WL 4575826, at *4-7 (D. Minn. Aug. 30, 2019) (recommending that a HMP arbitration award be vacated because there was no "agreement to arbitrate between the parties which would support the purported 'Arbitration Award.'"), *report and recommendation adopted*, No. CV 19-117 (DWF/LIB), 2019 WL 4573252 (D. Minn. Sept. 20, 2019).

Consistent with those authorities, the court concludes that HMP has exceeded its powers here by conducting a sham arbitration proceeding and issuing a sham award. Indeed, HMP issued an award of nearly $13,000,000.00 without the existence of any legitimate arbitration agreement, a legitimate arbitration hearing, or other proper arbitration procedures under the FAA. Therefore, Mr. Graves's claim against the Moving Defendants should be dismissed with prejudice.

### III. The Court Should Grant a *Sua Sponte* Motion to Dismiss the Remaining Defendants.

The court may grant a *sua sponte* motion to dismiss an action with prejudice for failure to state a claim "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing . . . an opportunity to amend [the] complaint would be futile." *Jones v. Bowers*, 737 F. App'x 846, 848 (10th Cir. 2018) (quotations and citation omitted); *see also In re Matter*

10

*of: Arbitration Award of Robert Presley of HMP Arbitration Servs.*, 2019 WL 10817149, at *1.

Based upon the foregoing analysis of the Moving Defendants' motions to dismiss, that standard is satisfied here for the Remaining Defendants. As demonstrated above, Mr. Graves's claim in this action lacks any plausible basis in law or in fact as it would relate to any named defendant. Therefore, the court concludes that Mr. Graves could not provide any additional allegations that would save his claim against the Remaining Defendants from dismissal. Thus, the court should grant a *sua sponte* motion to dismiss the Remaining Defendants and dismiss Mr. Graves's claim against them with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1. Mr. Graves's motion to strike[22] be DENIED.

2. The Moving Defendants' motions to dismiss[23] be GRANTED.

3. A *sua sponte* motion to dismiss the Remaining Defendants be GRANTED.

4. This action be DISMISSED WITH PREJUDICE.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a

---

[22] ECF No. 14.

[23] ECF Nos. 12, 20.

copy of it.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED November 9, 2020.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge